UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| CLYDE JONES | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:08-cv-70\1:05-cr-69 |
| | ) | *Judge Edgar* |
| UNITED STATES OF AMERICA | ) | |

## MEMORANDUM

Clyde Jones ("Jones"), has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 39).[1] Jones contends he was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution.

The motion, together with the files and record in this case, conclusively show Jones is entitled to no relief under 28 U.S.C. § 2255. For the reasons which follow, the Court has determined an evidentiary hearing is not necessary and concludes that Jones's § 2255 motion lacks merit and will be **DENIED** (Criminal Court File No. 39).

**I.      Non-Dispositive Motions**

Also before the Court is Jones's motion requesting an evidentiary hearing and adjudication (Criminal Court File No. 48). Since the Court has determined an evidentiary hearing is not necessary and the § 2255 motion will be denied, the motion requesting an evidentiary hearing and adjudication will be **DENIED as MOOT** (Court File No. 48).

---

[1]     Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

## II. Standard of Review

A sentence in a criminal case must be vacated if the Court makes a finding "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack,...." 28 U.S.C. § 2255. Under Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Court is to determine after a review of the answer and the record whether an evidentiary hearing is required. If no hearing is required, the district judge is to dispose of the case as justice dictates. The Court finds it is not necessary to hold an evidentiary hearing.

A motion filed pursuant to 28 U.S.C. § 2255 must consist of something more than legal conclusions unsupported by factual allegations. *United States v. Johnson*, 940 F.Supp. 167, 170 (W.D. Tenn. 1996). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Clemmons v. Sowders*, 34 F.3d 352 (6th Cir. 1994).

## III. Procedural Background

On June 30, 2005, a grand jury in the Eastern District of Tennessee returned a one-count indictment charging that Jones possessed, with the intent to distribute, fifty grams or more of cocaine base, a Schedule II controlled substance, in violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Criminal Court File No. 7, Indictment).

Following a jury trial, Jones was convicted and was sentenced in the United States District Court for the Eastern District of Tennessee at Chattanooga on January 24, 2006, to life imprisonment

(Criminal Court File No. 26).  Judgment was entered on February 3, 2006 (Criminal Court File No. 28).  On June 14, 2007, Jones's conviction and sentence were affirmed on direct appeal.  *United States v. Jones*, 238 Fed. Appx. 41 (6th Cir., 2007), *available at* 2007 WL 1732899 (Criminal Court File No. 37).  Jones timely filed the instant § 2255 motion on March 19, 2008 (Criminal Court File No. 39)

## IV. Factual Background

The following recitation of facts is taken from the court of appeal's opinion affirming Jones's convictions:

> Armed with a warrant, Chattanooga law enforcement officers searched Jones's home on June 23, 2005[,] and, along with Jones and his girlfriend (Lakoya Weams), officers found 478 grams of crack cocaine throughout the home. Officers found: (1) a small bag of cocaine and digital scales in a purse in the bedroom; (2) a large quantity of cocaine and $13,849 in cash in a closet; and (3) another large quantity of cocaine in a shoe box. Jones admitted that the entirety of the drugs and cash belonged to him. After waiving his Miranda rights, Jones signed a written confession to this effect. The waiver was prepared by one of the officers.
>
> Hoping to recant his confession at trial, Jones testified that the drugs in fact belonged to Weams and he had confessed to ownership only "to protect" Weams's children from seeing their mother incarcerated. (JA 81-83.) Weams testified that Jones knew she sold drugs from his home, and she often relied on his protection while she conducted her illegal business. (JA 116.) (Jones's friends were also some of her clients.)

*U.S. v. Jones,* 238 Fed.Appx. 41, 42-43 (6th Cir.2007), *available at* 2007 WL 1732899, **1.

## V. Analysis–Ineffective Assistance of Counsel Claims

Jones asserts his trial counsel rendered ineffective assistance in four different instances, each of which the Court will analyze separately after discussing the law applicable to ineffective assistance of counsel claims.

3

### A.  Applicable Law

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established the criteria for determining whether a Sixth Amendment claim of ineffective assistance of counsel is meritorious. The *Strickland* test requires that a defendant demonstrate two essential elements: (1) counsel's performance was deficient, i.e., counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment; and (2) counsel's deficient performance prejudiced the defense, i.e., deprived the defendant of a fair trial rendering the outcome of the trial unreliable. *Id*. at 687-88; *McQueen v. Scroggy*, 99 F.3d 1302, 1310-11 (6th Cir. 1996); *Sims v. Livesay*, 970 F.2d 1575, 1579-81 (6th Cir. 1992).

In order to demonstrate deficient performance, it must be shown that counsel's representation fell "below an objective standard of reasonableness" in light of the "prevailing professional norms." *Strickland*, 466 U.S. at 686-88. In *Bobby v. Van Hook*, the Supreme Court reiterated that an objective standard of reasonableness is a general standard:

> No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Restatements of professional standards, we have recognized, can be useful as "guides" to what reasonableness entails, but only to the extent they describe the professional norms prevailing when the representation took place.

*Bobby v. Van Hook*, ___ U.S. ___, 130 S.Ct.13, 16 (2009) (quoting *Stickland v. Washington*, 466 U.S. at 688-89) (citations omitted).

To establish the prejudice prong, a petitioner must show that absent his attorney's errors, the result of his trial would have been different. *Lynott v. Story*, 929 F.2d 228, 232 (6th Cir. 1991). As the Sixth Circuit explained in *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992), *cert. denied*, 508 U.S. 975 (1993): "Counsel is constitutionally ineffective only if performance below

4

professional standards caused the defendant to lose what he otherwise would probably have won."
*See also West v. Seabold*, 73 F.3d 81, 84 (6th Cir.), *cert. denied*, 518 U.S. 1027 (1996) (internal punctuation and citations omitted). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *West v. Seabold*, 73 F.3d at 84.

The Supreme Court has reiterated the standard of prejudice in *Wiggins v. Smith*, 539 U.S. 510 (2003):

> [T]o establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Id*. at 534 (quoting *Strickland v. Washington*, 466 U.S. at 694).

When applying these standards, the Court is cognizant of the fact that there is a strong presumption counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. "Reviewing courts focus on whether counsel's errors have undermined the reliability of and confidence that the trial was fair and just." *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997) (citing *Strickland*, 466 U.S. at 687; *United States v. Cronic*, 466 U.S. 648, 658, (1984), *cert. denied*, 523 U.S. 1088 (1998); *McQueen [v. Scroggy*], 99 F.3d [1302,] 1310-11 [6th Cir. 1996]). A reviewing court cannot indulge in hindsight but must instead evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. *Strickland*, 466 U.S. at 690; *McQueen*, 99 F.3d at 1311. Trial counsel's tactical decisions are particularly difficult to attack. *McQueen*, 99 F.3d at 1311; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). A defendant's challenge to such decisions must overcome a presumption that the challenged actions might be considered sound trial strategy. *McQueen*, 99 F.3d at 1311; *O'Hara*,

24 F.3d at 828. "[R]eviewing court[s] must remember that 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998) (quoting *Strickland*, 466 U.S. at 690). A court must make an independent judicial evaluation of counsel's performance and determine whether counsel acted reasonably under all the circumstances. *McQueen*, 99 F.3d at 1311; *O'Hara*, 24 F.3d at 828; *Ward v. United States*, 995 F.2d 1317, 1321-22 (6th Cir. 1993); *Sims v. Livesay*, 970 F.2d 1575, 1580-81 (6th Cir. 1992).

### B. *Ineffective Assistance of Counsel Claims*

Jones raise four instances of ineffective assistance of counsel: (1) counsel failed to object to Jones having to stand trial in prison clothing; (2) counsel failed to seek a plea agreement and assured him of an acquittal at trial; (3) counsel failed to investigate his prior felony convictions; and (4) counsel failed to object to the standard aiding and abetting jury instruction

#### 1. Prison Clothing

Jones claims he received ineffective assistance of counsel because his trial counsel failed to object to him having to stand trial in prison clothing. According to Jones, he asked retained counsel to purchase some clothing for him or to request that the Court provide him with civilian clothing.

The government argues the Court did not compel him to wear prison clothing and suggests counsel's decision to have Jones wear prison clothing was strategic as his defense was that he was a crack addict who was not employed except for performing odd jobs for the lady with whom he was living in exchange for drugs.

"The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice." *Estelle v. Williams,* 425 U.S. 501,

6

503-04 (1976) (footnote and cites omitted). Therefore, "[c]ourts have, with few exceptions, determined that an accused should not be compelled to go to trial in prison or jail clothing because of the possible impairment of the presumption so basic to the adversary system." *Id.* at 504. The right not to be compelled to attend trial in jail attire is not a fundamental right, but instead is a strategic and tactical decision that may have constitutional implications, that must be invoked or abandoned. *Id.* at 508, n. 3. The *Estelle* Court explained, however, that:

> [T]he courts have refused to embrace a mechanical rule vitiating any conviction, regardless of the circumstances, where the accused appeared before the jury in prison garb. Instead, they have recognized that the particular evil proscribed is compelling a defendant, against his will, to be tried in jail attire. The reason for this *judicial focus upon compulsion* is simple; instances frequently arise where a defendant prefers to stand trial before his peers in prison garments. The cases show, for example, that it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury. . . .
>
> Courts have therefore required an accused to object to being tried in jail garments, just as he must invoke or abandon other rights. . . .

*Id.* at 507-508 (citations omitted) (emphasis added). In resolving the case, the *Estelle* Court noted:

> The record is clear that no objection was made to the trial judge concerning the jail attire either before or atny [sic] time during the trial. This omission plainly did not result from any lack of appreciation of the issue, for respondent had raised the question with the jail attendant prior to trial. At trial, defense counsel expressly referred to respondent's attire during Voir [sic] dire. The trial judge was thus informed that respondent's counsel was fully conscious of the situation.
>
> . . .
>
> Nothing in this record, therefore, warrants a conclusion that respondent was compelled to stand trial in jail garb or that there was sufficient reason to excuse the failure to raise the issue before trial. Nor can the trial judge be faulted for not asking the respondent or his counsel whether he was deliberately going to trial in jail clothes. To impose this requirement suggests that the trial judge operates under the same burden here as he would . . ., where the issue concerned whether the accused willingly stood trial without the benefit of counsel. Under our adversary system, once a defendant has the assistance of counsel the vast array of trial decisions, strategic and tactical, which must be made before and during trial rests with the

> accused and his attorney. Any other approach would rewrite the duties of trial judges and counsel in our legal system.

*Id.* at 512 (citations omitted). The *Estelle* Court held that "although the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Id.* at 512-13.

The application of the *Estelle* principles to Jones's case reveals that Jones has failed to establish a constitutional violation as Jones failed to make an objection to being tried in prison clothes to the Court. Because Jones failed to object to being tried in prison clothes to the Court, the presence of compulsion which is necessary to establish a constitutional violation, is lacking. *See United States v. Garcia*, 259 Fed.Appx. 747, 753 (6th Cir. 2008), *available at* 2008 WL 77829 (no constitutional violation where defendant made no objection); *United States v. Collins*, 129 Fed. Appx. 213 (6th Cir. 2005) *available at* 2005 WL 910731 (no err where Collins did not raise an objection to wearing prison clothes with district court). There simply was no objection by Jones or compulsion by the district court, thus Jones has not alleged a constitutional violation.

Jones contends, however, counsel was ineffective for failing to make the objection regarding him wearing prison clothes during trial. For purposes of this analysis only, the Court accepts as true the allegations set forth in Jones' reply and affidavit. In addition, it is undisputed that neither Jones nor his attorney notified the Court of Jones' desire to appear in civilian clothing.

Although courts have found it is not an uncommon defense tactic to produce a defendant in jail attire in hopes of eliciting sympathy from the jury, *Estelle*, 425 U.S. at 507-08; *see also Hill v.*

*Mitchell*, 400 F.3d 308, 321 (6th Cir. 2004), and arguably that is what occurred here, the Court will take Jones's allegations as true and assume counsel was deficient for failing to assist Jones in obtaining civilian clothes.

Jones bears the burden of demonstrating a reasonable probability that, but for counsel's failure to obtain civilian clothing for trial, the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 693-94. Jones has not presented any evidence that he was prejudiced by wearing his prison outfit. In other words, Jones has not demonstrated there is a reasonable probability, but for counsel's failure to provide civilian clothes, the outcome of the trial would have been different. Indeed, during voir dire counsel questioned the jurors as to whether they would be more likely to convict Jones because he was wearing a jail outfit. Although the transcript does not reflect a favorable verbal response, a favorable non-verbal response is implied as counsel responded, "Okay. Appreciate that." (Criminal Court File No. 34, p. 25). Accordingly, Jones has not demonstrated a constitutional violation and his claim that counsel was ineffective for failing to obtain civilian clothes for him to wear to trial will be **DENIED**.

## 2. *Failure to Seek a Plea Agreement*

Jones claims counsel was ineffective for failing seek a plea agreement and erroneously assuring Jones he would be acquitted at trial. Jones contends that one day after his arrest, Lakoya Weams informed his attorney she would accept responsibility for the drugs and money located at 3610 Perry Street. "Thinking that Ms. Weams' testimony would preclude a finding of guilt as to Jones, his counsel chose not to seek discovery with the government so as not to reveal his defense, and further failed to seek a plea agreement for [Jones] to consider based on Ms. Weams' acceptance of the drugs and money." (Criminal Court File No. 39).

9

Jones is attacking counsel's strategic decisions, and counsel's trial strategy and strategic decisions cannot be second guess, as "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. Counsel's strategic decisions, as described by Jones, reflect tactical decisions within the range of reasonable professional competence. "Even if in retrospect the strategy appears to have been wrong, the decision will be held ineffective only if it was so patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983). Jones contends that if counsel had conveyed a plea agreement with benefits, he "*may* have enter into a plea agreement with the United States." (Criminal Court File No. 45, p. 5) (emphasis added).

Counsel is presumed to have exercised reasonable professional judgment and the burden is on Jones to show otherwise. This Jones has failed to do as he has failed to establish that the decision to use the defense presented by Jones was less than reasoned professional judgment. Jones also claims counsel inaccurately advised him that he could be acquitted, presumably, failing to anticipate that Jones could be convicted as an aider and abettor. Jones also claims counsel never discussed with him that he was facing a life sentence. Jones contends counsel should have sought a plea agreement. Taking Jones' allegations as correct and assuming counsel's performance was deficient, Jones suffered no prejudice as the government only offered to permit Jones to plead to the indictment and to the statutory mandatory life sentence, which is the same sentence he received by proceeding to trial. Indeed, the Assistant United States Attorney submitted his affidavit wherein he avers:

> 5. Defendant's counsel, Bill Speek, and the undersigned discussed the possibility of a guilty plea. The undersigned informed Mr. Speek that in order for the defendant to plead guilty he would be required to plead to a sentence of mandatory life.

6. Some time thereafter, counsel for the government contacted Mr. Speek and inquired as to whether defendant desired to proceed to trial or enter into a plea agreement. Mr. Speek informed the undersigned that he had discussed the matter with his client and that his client wished to proceed to trial. No offer was ever made to the defendant for less than a mandatory life sentence.

(Criminal Court File No. 44-2).

Jones was sentenced to life imprisonment, thus receiving the same sentence he would have received had he accepted the government's offer to plead guilty to the indictment to a sentence of mandatory life. Even if there was the potential for cooperation, there is no evidence before the Court from which it can even infer Jones possessed reliable evidence that would have amounted to substantial assistance. Therefore, Jones has not demonstrated he suffered any prejudice as the result of trial counsel's alleged shortcomings. Accordingly, Jones' claim that counsel was ineffective for failing to seek a plea agreement and assuring Jones of an acquittal will be **DENIED** because he has not demonstrated that the outcome would have been different absent counsel's alleged shortcomings.

### 3. *Failure to Investigate Prior Convictions*

Jones claims counsel failed to investigate his prior felony convictions which were used to enhance his sentence under Title 21 U.S.C. § 851. Jones claims counsel failed to investigate the prior felony offenses to determine his "eligibility under 21 U.S.C. § 851, and in doing so, denied [him] a direct appeal of these predicate offenses." Jones does not, however, provide any grounds upon which the conviction's reliability or validity can be challenged (Criminal Court File No. 39).

In general, Congress has provided that a defendant convicted of a federal drug offense involving at least 50 grams of crack who has two or more prior felony drug convictions is subject to "a mandatory term of life imprisonment without release." 21 U.S.C. § 841(b)(1)(A). Here the

jury found the required drug amount beyond a reasonable doubt. When the Court inquired whether Jones wished to contest the validity of the prior convictions, counsel stated "We understand that they're valid convictions after investigating ourselves. . . . we did investigate, we understand that these are valid convictions, and, like I say, we'll accept them then." (Criminal Court File No. 36, p. 3).

Therefore, the record belies Jones' claim that counsel failed to investigate his prior convictions. Moreover, even assuming counsel did fail to investigate them, Jones has not demonstrated he suffered any prejudice as he does not demonstrated that he did not have two reliable valid prior felony narcotic convictions. The presentence report reflects Jones was arrested on November 21, 1988, after police approached him and he threw a bottle from his jacket which was found to have contained crack cocaine (PSI, ¶ 25). Then on November 28, 1988, he was arrested when found in possession of crack cocaine. Jones entered guilty pleas to those to charges on June 22, 1989, and received a sentence of four years in custody. Jones was subsequently arrested on August 30, 1993, for possession of cocaine with intent to distribute in Louisiana and received a sentence of 5 years in custody, suspended to 1 year custody and three years probation. The Court also notes the period of limitations had expired for collateral attack on those convictions. *See* 21 U.S.C. § 851(e); *United States v. Layne*, 192 AF.3d 556, 576-77 (6th Cir. 1999).

Jones has offered no reasons for concluding the convictions are not valid and the Court is unaware of any reason to so find. Jones does not deny he was convicted of these three prior felony drug offenses or that he is not subject to the enhanced sentencing provisions of § 841(b)(1)(A) which are triggered when a defendant has "two or more" prior felony drug convictions. Consequently,

12

even if counsel failed to investigate the convictions, Jones has failed to demonstrate he suffered any prejudice as the result of this alleged shortcoming of counsel. Accordingly, Jones' claim that counsel was ineffective for failing to investigate his prior convictions fails and will be **DENIED.**

### 4. *Failure to Object to Aiding and Abetting Instruction*

Jones claims counsel was deficient for failing to object to the aiding and abetting jury instruction because it rendered his defense meaningless. Jones claims counsel was ineffective for advising him to go to trial and allowing him to testify he assisted Ms. Weams in the distribution of crack cocaine. According to Jones, counsel never considered that the government would proceed under an aider and abetter theory and his advice to proceed to trial was ineffective assistance. In addition, Jones claims the aiding and abetting instructions amounted to a variance in violation of his due process rights.

The government responds that it was never the United States's theory that Jones was an aider and abettor, and that it is still the government's position that Jones, not Ms. Weams, possessed the crack with the intent to distribute as charged in the indictment. However, because Jones's defense supported the alternate theory of aiding and abetting, they had to proceed under that alternate theory as well.

In Jones' reply to the government's response, he explains that "[i]t is [his] contention that it was not aiding and abetting theory that subjected him to ineffective assistance of counsel, but rather, he is claiming counsel is ineffective because he advised him "to proceed to trial with aspiration that Ms. Weams' testimony would acquit him of the possession of crack cocaine charge, then without regard for an aiding and abetting theory conviction, allow[ed] Petitioner to testify that he assisted in Ms. Weams' distribution of crack cocaine . . . " (Criminal Court File 45). Thus, the

13

claim regarding objecting to the aiding and abetting instruction is intertwined with a claim that counsel should have negotiated a plea agreement. Nevertheless, Jones's claim is based on the flawed premise that he "could have entered into a plea agreement with the government for a far less sentence than the term of life imprisonment he received based on his counsel's advice." (Criminal Court File No. 40, p. 8-14). As discussed in the previous section, section V.B.2 *supra*, there is no evidence before the Court to support Jones' premise that he could have entered into a plea agreement with the government for a less sentence.

Jones does not indicate that he advised counsel he was interested in disposing of the case without a trial. In addition, it is unclear whether Jones is saying he committed perjury at trial and was, in fact, guilty as charged or whether he is claiming counsel should have negotiated a plea agreement requiring him to admit to an offense for which he was not guilty. Regardless, of his contention, even assuming counsel rendered deficient performance when advising him to proceed to trial, Jones is unable to demonstrate prejudice as the only plea offer made to Jones was that of entering a guilty plea as charged and to serve the mandatory minimum life sentence.

As previously explained, the prosecuting attorney submitted an affidavit reflecting the only plea offer available to Jones was the offer to plead to the indictment to the statutory life sentence (Criminal Court File No. 44-1). Therefore, in order to demonstrate prejudice, Jones must show that the government would have offered him an opportunity to render substantial assistance and would have requested he received a reduction of sentence based on substantial assistance. To meet his burden, Jones must demonstrate he possessed reliable information that amounts to substantial assistance in the government's opinion. Although the government explains that with respect to such a plea agreement Jones potentially would have had the opportunity to provide cooperation sufficient

14

to merit a departure motion by the United States pursuant to 18 U.S.C. § 3553(e), the government further explains that such cooperation must amount to, in the opinion of the United States, substantial assistance in the investigation or prosecution of another person. Jones, however, has not even indicated he possessed reliable information that would have potentially amounted to some level of assistance.

Indeed, his trial testimony reflects he is a drug addict who obtained his drugs from Ms. Weams, and there is nothing in the record before this Court that indicates Jones possesses any reliable information to assist in the investigation or prosecution of another person. This conclusion is supported by the fact that Jones testified he knew people who used crack but he did not sell crack and did not assist Ms. Weams in the sale of crack because she did not want him "getting in her business . . ." (Criminal Court File No. 34, pp. 200-02, Trial Transcript). Moreover, Jones does not claim that he possesses any reliable information which may benefit the government. Therefore, even assuming counsel rendered deficient assistance in his advice to proceed to trial, Jones has not demonstrated such advice resulted in any prejudice to him since the only offer made by the government regarding a guilty plea was one to the indictment and to the statutory life sentence. This claims offers Jones no relief.

To the extent Jones claims that counsel's failure to object to the aiding and abetting theory instruction demonstrates counsel performed deficiently, he has failed to meet his burden. Counsel did not perform deficiently when he did not object to the aiding and abetting instruction, as such an objection would have been overruled. This is so, because, under Sixth Circuit precedent, "aiding and abetting is embedded in federal indictments . . . [thus,] an indictment need not charge or even refer to 18 U.S.C. § 2 to support a conviction based on a theory of aiding and abetting." *United*

*States v. McGee*, 529 F.3d 691, 696 (6th Cir. 2008). Consequently, because the testimony of Jones and Ms. Weams arguably supported the alternative theory of aiding and abetting, the aiding and abetting instruction was proper.

In sum, Jones has not shown that his attorney's performance was deficient nor has he demonstrated he suffered any prejudice. Accordingly, Jones' claim that counsel was ineffective for failing to object to the aiding and abetting jury instruction and alternatively for advising him to proceed to trial will be **DENIED**.

## VI. Conclusion

Jones has failed to present any facts which establish his conviction or sentence is subject to collateral attack under 28 U.S.C. § 2255. Jones is not entitled to any relief under § 2255 and a judgment will enter **DENYING** his motion.

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE